# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-31281
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 1, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS B. CALIXTO, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CR-316-3

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Luis B. Calixto, Sr., pleaded guilty to aiding and abetting the interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. §§ 2312 and 2 and was sentenced to a within-guidelines sentence of 57 months in prison and three years of supervised release. He was also ordered to pay restitution in the amount of $309,933.78.

Calixto argues that the district court erred when it failed to adequately explain the chosen sentence. Because Calixto failed to present this argument in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Under the plain error standard, Calixto must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if Calixto makes the required showing, this court retains the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

"The district court must adequately explain the sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) (internal quotation marks and citation omitted). The record reflects that the district court knew about Calixto's coconspirators' pleas and sentences, listened to Calixto's arguments for a more lenient sentence, but expressed its strong disagreement with Calixto's arguments regarding his culpability. The district court also stated that it had considered the 18 U.S.C. § 3553(a) factors and the Sentencing Guidelines in choosing Calixto's within-guidelines sentence of 57 months. The district court's explanation of the chosen sentence is procedurally sound. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008).

Even if the district court's reasons were not adequately stated at sentencing, the district court's statement of reasons specifically identifies the § 3553(a) factors relied upon by the district court in selecting Calixto's sentence. A district court's failure to orally advise a defendant of its reasons for imposing a specific sentence is not reversible plain error when supported by written reasons. *United States v. Gore*, 298 F.3d 322, 325-26 (5th Cir. 2002). Moreover, the district court's explanation in the statement of reasons "would render remand a meaningless formality." *See id.* at 325.

AFFIRMED.